SPECTOR, Judge.
Appellant seeks reversal of a final judgment holding that the appellee Comptroller acted within his authority when he refused to issue a state warrant as requested by appellant, Florida Development Commission, to pay for costs incurred in connection with the production and broadcast of a television program.
The telecast was on video tape and presented as the principal speaker Governor Kirk, who spoke on the status of education in the State of Florida and recommendation for improvements thereto, including the creation of a Commission on Quality Education to formulate detailed plans. The said program was entitled “Education in Florida: Perspective for Tomorrow”.
Acting under duty imposed upon him by the Constitution of Florida,[1] the Comptroller refused to approve the request for payment for the reason that the goods or services contracted for by the Development Commission did not constitute a legitimate expense in that the same did not relate to the scope, powers and duties of the said agency.
On several occasions, it has been held that the Comptroller’s constitutional duty to examine, audit, adjust and settle accounts of state officers imposes upon him the duty to see to it that all disbursements of public moneys are authorized by a legal appropriation, and that the payment of a particular item violates no positive provision against payment either expressly or impliedly. While the Comptroller is thus required to examine each item presented to him for payment, it is well settled that he is not empowered to invoke any supervisory authority to veto or disallow expenditures for which lawful appropriation has been made by the legislature. State ex rel. Arthur Kudner, Inc. v. Lee, 150 Fla. 35, 7 So.2d 110; State ex rel. W. R. Clark Printing & Binding Co., Inc. v. Lee, 117 Fla. 779, 158 So. 461.
The question presented in this case is whether the particular expenditure sought to be made by the appellant is one which is authorized by law. The learned trial judge concluded negatively on this question only after a detailed analysis of Chapter 288, Florida Statutes, F.S.A., from which statute the appellant agency derives its power. Each pertinent section of the said chapter was considered by the trial judge’s order preceding final judgment, and in every instance he concluded that the legislature has not empowered the Development Commission to inject itself into the public school system of the State. We agree with his interpretation of Chapter 288, Florida Statutes, F.S.A., as it relates to the power of the appellant and the conclusion that the problems of the public *8 school system are not included within such powers as the Commission does have.
It is argued by appellant that the Comptroller has no authority to disallow an expenditure for which there has been a lawful appropriation, and we agree with this statement of principle advanced by appellant. The statement of principle begs the question however. The inquiry is whether there has been a lawful appropriation and whether the expenditure is in furtherance of the power conferred upon the agency in question. That power is neither expanded nor contracted by the mere happenstance of gubernatorial involvement.
The trial judge described the duty imposed upon the Comptroller by the Constitution as it relates to payment of accounts against the state most fully, and we think it appropriate to quote from his order the following material observations:
“It is the duty of the Comptroller, before issuing a warrant for the payment of an account against the state, to make an administrative determination that the money is in the state treasury, that an appropriation has been made by law to pay the account, and that the expenditure is within the law fixing the powers of the state agency incurring the obligation. The Comptroller has no authority to supervise the operation of other state officers or state agencies in the exercise of the discretion vested in them by law. Neither does he have the power to veto their action in the performance of their legal duties. On the other hand, the duty of the Comptroller to audit, adjust and settle the accounts of all officers of the state, conferred by Section 23, Article IV, of the Constitution, would be destroyed if the Comptroller is required to pay all bills approved by all state officers without exercising any power to ascertain that the proposed expenditure of state funds is authorized by law.
“So long as an expenditure is within the lawful power of another officer, the Comptroller has no authority to, in any manner or to any degree, control the exercise of the official discretion of that officer in the expenditure of state funds. But if any state agency exceeds its lawful power or goes outside the scope of the discretion vested in it by law in incurring obligations, it is the duty of the Comptroller to refuse to issue state warrants in payment of such obligations.
“The complexity of modern government is such that it is not infrequent that questions arise as to the proper construction of statutes authorizing and regulating the expenditure of state funds. The agency administering a statute must, in the first instance, make an administrative determination of the scope of its powers. That determination is entitled to great respect from, but is not absolutely binding upon, the Comptroller. If the Comptroller is convinced that another state officer or agency has exceeded its lawful powers in incurring a bill against the state, it is the duty of the Comptroller to refuse to issue a warrant for the payment of that bill from state funds until such time as there has been a determination of the question. In many instances such determination is accomplished by an opinion of the Attorney General. However, the Comptroller has the legal right to refuse to be a party to a disbursement of public funds which he considers illegal until there has been a judicial determination of the validity of the proposed expenditure.”
Appellant having failed to demonstrate that the interpretation accorded Chapter 288, Florida Statutes, by the court below is erroneous, the judgment appealed is
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.

. Article IV, Section 23, Constitution of Florida, 1885, F.S.A., which was in effect at all times material hereto provides: “The Comptroller shall examine, audit, adjust and settle the accounts of all officers of the State and perform such other duties as may be prescribed by law.”