QUESTION: Is the Florida State Board of Dentistry prohibited from paying from state funds the salary of a part-time employee engaged during the absence of a permanent executive director to aid the board in the performance of its functions, if that employee is also a member of the law firm which rendered legal services to the board during the same time period?
SUMMARY: The Florida State Board of Dentistry is not prohibited from paying from state funds the salary of a part-time employee engaged during the absence of a permanent executive director to aid the board in the performance of its functions, even though that employee is also a member of the law firm which rendered legal services to the board during the same time period. You state that the Florida State Board of Dentistry (hereinafter referred to as the "board") submitted a voucher for the payment of the salary of a part-time employee engaged to aid the board in the performance of its duties during the period in which the board was unable to find a permanent executive director. The employee in question was also a member of the law firm which rendered legal services to the board during part of the same time period. You question whether the payment, if made, would violate, inter alia, Ch. 216, F.S., as that chapter relates to "authorized positions." Generally, all expenditures from state funds must be made in pursuance of appropriations made by law. Article VII, s. 1(c), State Const. Moreover, as expressed in AGO 071-28, in order for a state board or official to incur any obligation against the moneys of the state, such board or official must find and point to an appropriate constitutional or statutory authorization. See Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied 237 So.2d 530 (Fla. 1970); s. 216.321, F.S.; AGO 074-37. Thus, in the instant situation, in order for the board to pay the salary of the part-time employee, there must exist a lawful appropriation for such payment and constitutional or legislative authority therefor. (It was held in Thomas v. Askew,270 So.2d 707 [Fla. 1972], that such legislative authorization may be contained in the General Appropriations Act.) With respect to an appropriation for the payment, s. 216.192, F.S., provides that the comptroller shall authorize all expenditures to be made from appropriations on the basis of releases furnished by the Department of Administration and in accordance with the approved budget of an agency. In this regard, I am informed by an official of the Department of Administration that that department, apparently, pursuant to its authority to approve the budget of the board, see s. 215.37(3), id., authorized in July, 1973, a transfer of funds from those budgeted and appropriated for "salaries and benefits" to "other personal services" in order to pay the part-time employee. See s. 216.011(1)(o), id., in which other personal services is defined in pertinent part as "compensation for services rendered by a person who is not a regular or full-time employee filling an established position." As a consequence, I am of the opinion — and the Department of Administration is seemingly in accord, since it approved the action and issued a release — that funds budgeted and appropriated for other personal services can be used to pay the parttime employee. Accordingly, none of the limitations or procedures relating to authorized positions is applicable here, since the parttime employee in question is not filling such a position. See s. 216.262, id. With respect to the authority of the board in this matter, s. 466.08(1), F.S., as amended by Ch. 72-100, Laws of Florida, empowers the board to "appoint or employ such other personnel, including but not limited to an executive director as may be necessary to assist the board in doing and performing all of its powers, duties and obligations as set forth" in Ch. 466, F.S. In an earlier opinion of this office, AGO 074-102, this provision was interpreted as permitting the board, when it was unable to find a permanent executive director, to utilize other personnel to assist the board in the performance of its official functions, including those functions which would otherwise be performed by the executive director. Thus, the legislative authority of the board in such circumstances to employ part-time a member of the law firm retained by it was expressly recognized, and I adhere to the conclusion reached therein. In sum, therefore, there exists an appropriation from which the board can properly pay the part-time employee in question, and it has the legislative authority to do so. You also inquire as to whether the payments in issue would violate s. 112.314(1), F.S., which prohibits any public official or employee from transacting any business in his official capacity with any business entity of which he is an officer, director, agent, or member, or in which he owns a controlling interest. The part-time employee in question is a member of the law firm which renders legal services to the board. In fact, his part-time duties to the board are in addition to his duties as the board's attorney. However, he has not transacted any business in his official capacity as a parttime employee with the law firm. It is the board itself which has retained the law firm to represent it and render legal services to it. Therefore, there is no violation of s. 112.314(1). Finally, you refer to an earlier opinion of this office, AGO 066- 8, in which it was concluded that s. 282.061(6), F.S. 1967, repealed by Ch. 69-106, Laws of Florida, precluded a state agency from paying the salary of an individual whom it employs when such individual was also filling a position the salary of which has been specifically fixed by Constitution, line item appropriation, statute, or general law. This provision is duplicated in s.216.262(3), supra. However, in the instant situation, neither the part-time employee nor the law firm is filling a position the salary of which has been specifically fixed by law. Thus, this provision does not prohibit the payment of the salary of the part-time employee in question.