QUESTION: What responsibilities does the Department of Natural Resources have in assuming any of the powers, duties, and functions of the Commission on Marine Sciences and Technology as set forth in Ch. 369, F.S., since the powers, duties, and functions of the commission have not been repealed and no appropriations have been provided by the Legislature?
SUMMARY: The Department of Natural Resources is neither authorized nor required to assume or execute the powers, duties, and functions of the Commission on Marine Sciences and Technology prescribed by Ch. 369, F.S., unless and until funds are appropriated by the Legislature for such purposes and funds for such purposes are included in the agency's budget and release plan pursuant to ss. 216.181 and 216.192(1), F.S. The Commission on Marine Sciences and Technology was created by Ch. 67-361, Laws of Florida (Ch. 369, F.S.), to "coordinate all local and state activities relating to oceanography and to provide for the orderly and continued exploration of the oceans and waters bounding the state." Historical Summary of Conservation Laws, 14 F.S.A., p. 7. It was transferred by a type one transfer to the Department of Natural Resources and assigned to the Division of Marine Resources of that department by the Governmental Reorganization Act of 1969, Ch. 69-106, Laws of Florida. See s. 20.25(3), F.S. Under this type of transfer — which is a transfer "intact" of the transferred agency — the transferred agency "becomes a unit of a department" and "shall henceforth exercise its powers, duties, and functions as prescribed by law, subject to review and approval by, and under the direct supervision of, the head of the department." Pursuant to s. 20.05(1) and (2), F.S., each head of a department shall: (1) Plan, direct, coordinate, and execute the powers, duties, and functions vested in that department or vested in a division, bureau, or section of that department; powers and duties assigned or transferred to a division, bureau, or section of the department shall not be construed as a limitation upon this authority and responsibility; (2) Compile annually a comprehensive program budget covering such period as may be required reflecting all program and fiscal matters related to the operation of his department, each program, subprogram and activity therein and such other matters as may be required by law; . . . . It would appear from the foregoing that the head of the Department of Natural Resources has statutory authority to assume and execute the duties, powers, and functions of the Commission on Marine Sciences and Technology as prescribed by Ch. 369, F.S. However, despite this apparent authority, it must be noted that Art. VII, s. 1(c), of our State Constitution provides: "No money shall be drawn from the treasury except in pursuance of appropriation made by law." In discussing the meaning of substantially identical language in our previous State Constitution, it was noted in AGO 067-64 that: Although a state agency or division may have a legal status under existing laws, to permit it to function and operate there must be an appropriation for its operation before it may carry out its functions. Where there are no appropriations, either general, special or specific, the said agency or division is without operating funds. Further, the prohibition of Art. VII, s. 1(c), State Constitution, is implemented by s. 215.35, F.S., which provides, in pertinent part, that no warrant shall be issued by the Comptroller "until same has been authorized by an appropriation made by law. . . ." Accord: Florida Development Commission v. Dickinson, 229 So.2d 6, 7 (1 D.C.A. Fla., 1969), cert. den. 237 So.2d 530 (Fla. 1970), in which it was noted that the Constitution imposed upon the Comptroller "the duty to see to it that all disbursements of public moneys are authorized by a legal appropriation. . . ." Attention must also be given to s.216.181, F.S., pursuant to which the Department of Administration is required to furnish each state agency with an approved budget for operational and fixed capital outlay expenditures and to certify such budgets to the Comptroller, which certification "shall be the comptroller's guide with reference to the expenditures of each state agency pursuant to s. 216.192." Under s. 216.192(1), F.S., the Department of Administration is required to furnish the Comptroller a plan for the release of appropriations and the statute also provides: The comptroller shall authorize all expenditures to be made from the appropriations on the basis of such releases and in accordance with the approved budget and not otherwise. Expenditures shall be authorized only in accordance with legislative authorizations. (Emphasis supplied.) And s. 216.292, F.S., provides — with exceptions which are not applicable to the matter about which you inquire — that "[u]nless otherwise expressly provided by law, appropriations shall be expended only for the purpose for which appropriated. . . ." On the basis of the foregoing, I am of the view that where there has been no legislative appropriation of funds to the Department of Natural Resources for the purpose of carrying out the duties, powers, and functions of the Commission on Marine Sciences and Technology prescribed by Ch. 369, F.S., and where funds for such purposes are not included in the budget and release plan required by ss. 216.181 and 216.192(1), F.S., the department is neither required nor authorized to assume or execute such powers, duties, and functions.