QUESTION: Does the Parole and Probation Commission have any responsibility, upon the death of a parolee or probationer or upon termination or revocation of his or her parole or probation, for taking action to recover moneys which such parolee or probationer had failed to pay to the state under s. 945.30, F. S., which requires parolees and probationers not exempted by the commission to contribute $10 monthly toward the cost of their supervision?
SUMMARY: The Parole and Probation Commission is neither required nor authorized to take legal action (or to expend state funds therefor) to recover money due the state by a parolee or probationer who has failed to make the $10 monthly contributions required by s. 945.30, F. S., when such parolee or probationer dies or when his or her parole or probation is revoked or terminated. No penalty or enforcement procedure has been provided with respect to the contributions required by s. 945.30. Section 945.30, F. S., provides in part: "Anyone on probation or parole shall be required to contribute $10 per month toward the cost of his supervision and rehabilitation beginning 60 days from the date he is free to seek employment." The section also empowers the Parole and Probation Commission to exempt parolees and probationers from the payment based on certain grounds specified in s. 945.30, such as hardship. When it imposed this monthly payment requirement during the 1974 legislative session, the Legislature provided little, if any, elaborative language, thus necessitating repeated interpretation of s. 945.30 by this office. See AGO's 075-19 and 075-253. Nowhere in s. 945.30, supra, in the act by which that section was created (Ch. 74-112, Laws of Florida), or in any other statute relating to the Parole and Probation Commission is there any provision requiring or authorizing the commission to take legal action of any form with respect to recovery of moneys due the state by parolees and probationers pursuant to s. 945.30, nor has any penalty or enforcement procedure been provided with respect to the contributions required by s. 945.30. For that matter, other than s. 945.30 itself, no other statute makes any mention of, acknowledges the existence of, or modifies or elaborates upon the $10 monthly contribution requirement of s. 945.30. In AGO 075-253, I considered the applicability of the contribution requirement of s. 945.30, supra, to parolees and probationers from another state under supervision in Florida, and Florida parolees and probationers under supervision in another state, pursuant to interstate compact. In that context I stated: There must exist some basis in the statute for the exercise of the authority to require payment of such charge or contribution and to collect and use the same with respect to such out-of-state parolees or probationers, and if there is any reasonable doubt as to the statutory existence of such authority, the commission should not undertake to exercise it. State ex rel. Greenberg v. Florida State Bd. of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. dismissed, . . . 300 So.2d 900 (Fla. 1974). (Emphasis supplied.) In accord with the above is the following statement from AGO 071-28: To perform any function for the state or to expend any moneys belonging to the state, the officer seeking to perform such function or to incur such obligation against the moneys of the state must find and point to a constitutional or statutory provision so authorizing him to do. Attorney General Opinion 068-12; Florida Development Commission v. Dickinson, supra, [229 So.2d 6 (1 D.C.A. Fla., 1969)]. In this instance, to paraphrase 071-28, the Parole and Probation Commission may not perform the function of bringing any legal action to recover past-due contributions under s. 945.30, supra, upon the death of a parolee or probationer or upon the revocation or termination of his or her parole or probation, nor may the commission expend any state funds to perform such a function unless there is some constitutional or statutory provision so authorizing or requiring the commission to do so. I know of no such provision, and thus I am of the opinion that, pending legislative clarification of the commission's duties in regard to s. 945.30, the commission has no authority or responsibility to take legal action to recover moneys owed the state under s. 945.30 by parolees or probationers who die or whose parole or probation is terminated or revoked. However, irrespective of the above conclusion it should be noted that the commission's responsibilities in regard to s. 945.30, supra, may also be affected or controlled by s. 20.315(22), F. S., which provides in part: All powers, duties, and functions of the Parole and Probation Commission, except those relating to the exercise of its quasi-judicial duties and functions, as provided by law, are hereby transferred by a type four transfer pursuant to subsection20.06(4) to the Department of Offender Rehabilitation. This transfer shall include all court-related investigations, all supervision of parolees and probationers, administrative support services, data collection and information services, field offices and other programs, and services and resources of the commission which are not necessary for the immediate support of the commissioners. . . . Section 20.315(22), supra, must be presumed to be valid and must be given effect until judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193 (Fla. 1938); Pickerill v. Schott, 55 So.2d 716 (Fla. 1951); AGO 076-51. In this regard it should be noted that, although s. 20.315(22) was held unconstitutional by the Circuit Court of the Second Judicial Circuit, that judgment was reversed by the Florida Supreme Court in an opinion filed February 26, 1976, on the grounds that the plaintiffs lacked standing to challenge the statute's constitutionality. Thus, as of this writing, s. 20.315(22) is presumptively valid and must be given full effect. It is my understanding that, even though you have had to direct approximately one dozen questions to this office regarding s. 945.30, supra (which questions, so far, have required three Attorney General's Opinions), you did not seek legislative clarification from the 1975 Legislature. Therefore, I would hope that this opinion, together with AGO 075-19 and AGO 075-253, might bring to the attention of the 1976 Legislature the desirability and need for further legislation in regard to the implementation and administration of the $10 monthly contribution requirement of s. 945.30.