QUESTIONS:
1. Was s. 402.181, F. S., made applicable to the Department of Offender Rehabilitation by Ch. 75-49, Laws of Florida?
2. May current claims against the Department of Offender Rehabilitation now be processed?
SUMMARY:
Section 402.181, F. S., created a Claims Fund for restitution for property damages and injuries caused by escapees or inmates of institutions under the Department of Health and Rehabilitative Services. That statute is not applicable to the Department of Offender Rehabilitation, inasmuch as Ch. 75-49, Laws of Florida, which created the Department of Offender Rehabilitation, makes no reference to s. 402.181. Neither has s. 402.181 been amended to include institutions of the Department of Offender Rehabilitation within its purview. Section 402.181 and Ch. 75-49 give no authority to the Department of Legal Affairs to process claims against the Department of Offender Rehabilitation. Lacking specific statutory authority to process such claims, the Department of Legal Affairs is without power to do so.
Your first question is answered in the negative. Section402.181(1), F. S., provides:
 There is created a State Institution Claims Fund, available for the purpose of making restitution for property damages and direct medical expenses for injuries caused by escapees or inmates of state institutions under the Department of Health and Rehabilitative Services. There shall be a separate fund in the State Treasury which shall be the depository of all funds used for this purpose by all institutions under the supervision and control of the Department of Health and Rehabilitative Services. (Emphasis supplied.)
While Ch. 75-49, Laws of Florida, created the Department of Offender Rehabilitation and transferred the powers, duties, and functions of the former Division of Corrections of the Department of Health and Rehabilitative Services to the Department of Offender Rehabilitation, that chapter makes no reference to s.402.181, F. S. Furthermore, while s. 6 of Ch. 75-49 provides that the Division of Statutory Revision and Indexing of the Joint Legislative Management Committee shall prepare reviser's bills to clarify the Florida Statutes so as to reflect the changes made by Ch. 75-49, the Legislature has not yet amended s. 402.181 to include institutions under the Department of Offender Rehabilitation, and in its discretion may or may not do so in the future. Accordingly, there is no basis on which to conclude that s. 402.181 was made applicable to the Department of Offender Rehabilitation by Ch. 75-49.
Your second question must also be answered in the negative. Section 402.181(2), F. S., provides as follows:
 Claims for restitution may be filed with the Department of Legal Affairs at its office in accordance with regulations prescribed by the department. The department shall have full power and authority to hear, investigate, and determine all questions in respect to such claims and is authorized to pay individual claims up to $1,000. Claims in excess of this amount shall continue to require legislative approval.
In its payment of claims under subsection (2), the Department of Legal Affairs is limited by the language of subsection (1) which refers to `state institutions under the Department of Health and Rehabilitative Services.' Thus, the Department of Legal Affairs lacks statutory authority to process claims against the Department of Offender Rehabilitation.
Questions on the use and expenditure of public moneys and authority therefor have been strictly construed, and no state money may be used or expended except as some statute clearly and specifically authorizes. On this question, see AGO 071-28, which states in part as follows:
 Art. VII, s. 1, Fla. Const., further prohibits all expenditures except those made in pursuance of appropriations made by law, the legislative power to appropriate state funds for state purposes being exercised only through duly enacted statutes.
 Such appropriations of state monies can be used only to pay claims against the State duly authorized by the Legislature, and audited and approved according to law. (citation omitted)
 The power to appropriate state funds for lawful state purposes being exclusively legislative may not be delegated to the executive branch of government.
See also, Florida Development Commission v. Dickinson, 229 So.2d 6
(1 D.C.A. Fla., 1969), cert. denied, 237 So.2d 530 (Fla. 1970); AGO 075-120.
Not only would s. 402.181, F. S., have to be amended to specifically include institutions under the Department of Offender Rehabilitation before the Department of Legal Affairs would be authorized to process claims against the Department of Offender Rehabilitation, but the rules of the Department of Legal Affairs, Chapter 2-6, Florida Administrative Code, would also have to be amended to make appropriate references to the Department of Offender Rehabilitation. Lacking specific statutory authorization, the Department of Legal Affairs is without power to process claims for property damage or injuries caused by escapees or inmates of institutions under the Department of Offender Rehabilitation.
Prepared by: Joe Belitzky Assistant Attorney General