QUESTIONS:
1. May travel and per diem expenses be considered part of the costs borne by the state in s. 943.25(2), F. S.?
2. May travel and per diem expenses of regular employees of the Division of Standards and Training be expended from the administration and special training appropriation from the Law Enforcement Training Trust Fund when incurred while implementing the statewide specialized and technical training program?
SUMMARY:
The state is statutorily required to provide for the training, room, and board of those police officers participating in special training programs established and supervised by the Division of Standards and Training as approved by the Police Standards and Training Commission. The state's liability is limited to those expenses enumerated in s. 943.25(2), although local and state law enforcement agencies may authorize per diem and travel expenses incurred by their police officers en route to and from the special training programs and facilities as part of, or in the nature of, `compensation' of such officers. As compensation, traveling expenses may be reimbursed to the trainee incurred en route to and from training programs and facilities; however, in absence of any statutory or judicial interpretation to the contrary and as the agencies themselves receive the benefit of their officer's special training, the state and local law enforcement agencies are liable for any per diem or travel expenses which they authorize for their respective police officer-trainees.
Members of the Police Standards and Training Commission are entitled to be reimbursed for duly authorized travel expenses. Such expenses, however, should be paid from appropriations to the Department of Criminal Law Enforcement for expenses, unless the moneys for such expenses are appropriated to the Division of Standards and Training for and as a part of its expenses. Authorized travel expenses for division employees generally are to be paid out of moneys appropriated in Item 280, s. 1, Ch. 76-285, Laws of Florida, for the division's expenses. Only if the travel is in connection with the administration and special technical training provided for by Item 282 of the 1976 Appropriations Act and such travel is necessary to the performance of the employee's duties in this regard may such travel expenses be expended from the moneys appropriated from the Law Enforcement Training Trust Fund in Item 282, s. 1, Ch. 76-285.
According to your letter, the Police Standards and Training Commission has adopted a 15-region plan to implement the disbursement of moneys which had accumulated in a fund designed for a Florida Police Academy. The regional plan basically reallocated all of the money in the police academy fund to state and local law enforcement agencies through regional councils to underwrite programs to train and educate law enforcement officers, with two exceptions. A portion of the moneys has been withheld to be applied statewide in training concepts to meet the needs and priorities in highly specialized and technical areas, and an appropriation was made by the 1976 Legislature for the administration of the special technical training programs. See
Item 282, s. 1 of Ch. 76-285, Laws of Florida, the General Appropriations Act.
Section 943.25(1), F. S., requires the Division of Standards and Training of the Department of Criminal Law Enforcement to establish and supervise, as approved by the commission, an advanced and highly specialized training program for the purpose of training police officers and support personnel in the prevention, investigation, detection, and identification of crime and, upon request, to instruct law enforcement agencies in such highly advanced and specialized areas. Item 280, s. 1, ch. 76-285, Laws of Florida, provides generally for the division's expenses from the General Revenue Fund and the Grants and Donation Trust Fund.
Section 943.25(6), F. S., transferred all funds which had accumulated to the Florida Police Academy as of August 1, 1974, to the Department of Criminal Law Enforcement for implementation of these training programs and training facilities. However, the department was authorized to expend any such funds for the establishment or construction of, or improvement to, any facility for law enforcement training on a regional basis. Additionally, the collection of $1 as court costs, assessed in state and municipal courts (now abolished) against persons convicted of violating a state criminal or penal statute or municipal or county ordinance, was authorized and required under the provisions of s.943.25(3), F. S. A portion of these funds is earmarked for, and distributed to, the Department of Criminal Law Enforcement for disbursement from such allocated funds of those sums necessary and required for the implementation of training programs and the establishment of training facilities submitted by the Department of Criminal Law Enforcement and approved by the Police Standards and Training Commission. Section 943.25(3) and (7), F. S.
In 1976, the Legislature created the Law Enforcement Training Trust Fund and appropriated from such trust fund the necessary moneys for implementation of the commission's regional plan for the disbursement and reallocation of the accumulated funds in the Florida Police Academy Fund on a regional basis through regional councils. See Item 281, s. 1, Ch. 76-285, Laws of Florida. This appropriation is subject to the proviso that the funds appropriated for grants and aids for special education and technical training shall not fund projects which will require future expenditures from general revenue for continuing operations. Item 282, s. 1, Ch. 76-285, made a lump sum appropriation for the costs of administration and special technical training from the trust fund.
AS TO QUESTION 1: You inquire as to whether under s. 943.25(2), F. S., the state must bear per diem and travel expenses incurred en route to and from the training programs and facilities. Section943.25(2) provides:
 No fee or other charge shall be assessed against any person, municipality, sheriff, county, or state law enforcement agency for the training, room, or board of any person; said expenses shall be borne by the state. Any compensation to any person during the period of his or her training shall be fixed and determined by the proper authority within the municipality, county, or state law enforcement agency sponsoring the person, and such compensation, if any, shall be paid directly to the person. (Emphasis supplied.)
The foregoing statutory provision clearly provides that the state shall not charge any fee or other charge against a `trainee' or local or state law enforcement agency for the training, room, or board of participants in these programs; these costs are to be borne by the state. Section 112.061(6), F. S., which provides generally for per diem rates and subsistence allowances for public employees, permits the trainee to be reimbursed only for actual expenses of lodging and meals, not to exceed $25, as provided in s. 112.061(6)(a)2. But see s. 943.25(9)(a) and (b), F. S., which grants the Department of Criminal Law Enforcement the authority to contract with `any state university or community college in the state, or any other organization' to provide training for, or facilities for training, police officers. These officers, if approved by the department, are to receive such training `without cost.' Paragraphs (a) and (b) of s. 943.25(9), F. S., must be readin pari materia with s. 112.061, F. S. Therefore, should the department contract with an organization to provide training or facilities for training police officers as specified in s.943.25(9)(a), the costs of the foregoing are not to be charged to the trainee or the state or local law enforcement agency. The costs of training, room, or board of any trainee must be borne by the state out of duly appropriated moneys for those purposes at the actual costs thereof, even though the same might exceed the $25 per diem limit set by s. 112.061(6)(c)2.
Section 943.25(2), F. S., deals directly with the state's liability for a trainee's expenses. The section does not apply generally to implementing the commission's regional plan, to administering the special training program, or to disbursing moneys for grants or aids as specified in Item 281 of the 1976 General Appropriations Act. Accordingly, per diem and travel expenses of individuals engaged in the foregoing activities are not included within this statutory provision.
Moreover, s. 943.25(2), F. S., enumerates those expenses of the trainee for which the state will be liable. Under the ruleexpressio unius est exclusio alterius, the mention of one thing excludes the other, the state's liability for a trainee's expenses under s. 943.25(2) is limited to training, room, and board. Cf. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). However, the last sentence of s. 943.25(2) provides that the payment of `compensation' to trainees is left to the discretion of the local or state law enforcement agency sponsoring the trainee. Compensation has been defined as `[t]he remuneration or wages given to an employee or, especially, to an officer,' Black's Law Dictionary, p. 354 (4th ed. 1968), and encompasses the concept of making one `whole.' Under this definition, compensation has been used to comprehend a wide variety of purposes such as fees, mileage, and traveling expenses. 15A C.J.S. Compensation, p. 105;cf. Lechenby v. Post Printing and Publishing Co., 176 P. 490, 492
(Colo. 1918) (mileage); Lowden v. Washita Co. Excise Board,113 P.2d 370, 372 (Okla. 1941) (travel expenses); State v. Pitzenbarger, 214 N.E.2d 849, 852 (Ohio 1965).
Reimbursing a trainee for traveling expenses incurred while participating in these training programs encompasses the concept of making the trainee `whole.' Thus, it appears that the last sentence of s. 943.25(2), F. S., may permit, but does not require, local and state law enforcement agencies to authorize, in their discretion, the payment of per diem and traveling expenses for police officers who attend these programs. The local and state law enforcement agencies receive the benefit of the specialized training of their police officers; therefore, in the absence of a statutory provision to the contrary, these agencies should be liable for those costs which they authorize. Accordingly, it is my opinion that, while the state is liable for costs incurred in the training, room, and board of police officers, other expenses such as travel expenses and per diem may be but are not required to be authorized by the local or state law enforcement agencies. As these agencies will receive the benefit of such training of their officers, they are liable for per diem and traveling expenses of the police officers' training incurred while traveling to and from the training programs and facilities.
AS TO QUESTION 2:
Members of the Police Standards and Training Commission serve without compensation; however, they are statutorily authorized `to be reimbursed for per diem and traveling expenses as provided by s. 112.061, F. S.' Section 943.11(6), F. S. Section 943.11(5), F. S., provides that the commission `shall hold at least four regular meetings each year at the call of the chairman or upon the written request by three members of the commission.' Thus, members of the commission may be reimbursed for per diem and travel expenses incurred while attending these duly authorized meetings. There is, however, no special appropriation for the commission's expenses. Although the commission is a part of the Department of Criminal Law Enforcement, it is not a part of the Division of Standards and Training and, accordingly, the per diem and travel expenses of the members of the commission should be paid from moneys appropriated to the department, unless the moneys for such expenses are appropriated to the division for and as a part of its expenses.See the appropriation to the office of the executive director and the Division of Staff Services for expenses, and appropriation to the division for expenses, Items 270 and 280, respectively, s. 1, Ch. 76-285, Laws of Florida.
The officers and employees of the Division of Standards and Training of the department, when traveling on official business of the state, also may be reimbursed for travel expenses necessarily incurred by them while administering and implementing the commission's plan and for the administration and special technical training referred to in Item 282 of the General Appropriations Act. The traveling expenses of all travelers are limited to those expenses necessarily incurred by them in the performance of a public purpose authorized by law to be performed by the agency and must be within the limitations prescribed by s. 112.061(3)(b), F. S. All travel must be duly authorized and approved by the agency head. Section 112.061(3)(a), F. S.
The moneys appropriated in Item 281, s. 1, Ch. 76-285, Laws of Florida, from the Law Enforcement Training Trust Fund are earmarked for grants and aids for special education and technical training. It is well recognized within this state that public funds may be expended only for public purpose or function which the public body is expressly authorized to carry out or which must be necessarily implied in order to carry out the purpose or function expressly authorized. See 81 C.J.S. States s. 167, p. 1226; 20 C.J.S. Counties ss. 129 and 207, pp. 941 and 1052, respectively; O'Neill v. Burns, 198 So.2d 1 (Fla. 1967); Florida Development Comm. v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969),cert. denied, 237 So.2d 530 (Fla. 1970); AGO 075-120. Moreover, if there is any doubt as to the lawful existence of a particular power being exercised with respect to public funds, it should not be exercised. See AGO's 075-299 and 075-120; cf. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636
(1 D.C.A. Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974) (`If there is a reasonable doubt as to the lawful existence of a particular power which is being exercised, the future exercise of the power should be arrested.').
Applying the foregoing to your inquiry, Item 281 clearly specifies the use for which the moneys contained in this appropriation may be expended — grants and aids for special education and technical training. As public funds are involved, the purposes for which the appropriation contained in Item 281 may be used should be strictly construed and limited to those enumerated in the appropriation. The funds appropriated in Item 281 are not funds earmarked for the benefit of, or expenses of, the division, but rather are appropriated to the division for disbursement to local agencies. The division acts as a conduit for the moneys contained in Item 281 for the benefit of such local agencies, and, therefore, the division may not, in my opinion, expend the moneys contained in Item 281 for its own purposes. Accordingly, per diem and expenses incurred by division employees may not be paid out of the Item 281 funds from the Law Enforcement Training Trust Fund.
The division may, however, pay travel expenses to division employees when such travel is duly authorized and necessarily incurred on official business of the division. Such expenditures may be classified as `expenses' of the division and expended from the moneys appropriated to the division for expenses under Item 280, s. 1, Ch. 76-285, Laws of Florida. Only when the travel is in connection with `administration and special technical training' within the purview of the Item 282 lump sum appropriation of the 1976 General Appropriations Act and is necessary to the performance of the division employee's official duties in those regards may the expenses of such travel be expended from the Law Enforcement Training Trust Fund under the moneys appropriated by Item 282. Moreover, the `activity associated with implementation of the program' referred to in your inquiry also must be primarily associated with or in connection with `administration and special technical training' within the meaning of Item 282. Otherwise, any travel expenses necessarily incurred by the division must be paid out of the Item 280 appropriations from the General Revenue Fund or the Grants and Donation Fund.
Prepared by: Sharyn L. Smith Assistant Attorney General Joslyn Wilson Legal Research Assistant