QUESTION:
Is the Board of Medical Examiners or the Department of Legal Affairs authorized or obligated to provide either legal counsel or funds to obtain private counsel to physicians involved in litigation specifically arising from statements made by them during an investigation by the board of the conduct or competence of another physician?
SUMMARY:
Neither the Board of Medical Examiners nor the Department of Legal Affairs is authorized by law to provide legal services for any private person involved in litigation arising from communications made by that person in any disciplinary investigation conducted by the Board of Medical Examiners.
Chapter 458, F. S., the Medical Practice Act, establishes within the Department of Professional and Occupational Regulation the State Board of Medical Examiners and in s. 458.1201 grants authority to the board to conduct disciplinary proceedings against licensed physicians that are found to be unqualified or guilty of misconduct. In particular, s. 458.1201(2)(d) provides:
 There shall be no liability on the part of, and no cause of action of any nature shall arise against, the board, its agents, its employees, or any organization or its members identified in paragraph (1)(p) for any statements made by them in any reports or communications concerning an investigation of the conduct or competence of a physician.
Paragraph (1)(p) of s. 458.1201, F. S., identifies the organizations included under the immunity provision to include `any professional medical association, society, professional standards review organization . . . or similarly constituted professional body, whether or not such association, society, organization, or body is local, regional, state, national, or international in scope . . . .'
The basic premise is that public funds may be expended only as authorized by law. Florida Development Commission v. Dickinson,229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied, 237 So.2d 530
(Fla. 1976); AGO's 071-28, 075-120, and 077-8. The Legislature exercises exclusive powers in determining how, when, and for what purpose moneys should be applied in conducting the government. State v. Lee, 163 So. 859 (Fla. 1938); State v. Green, 116 So. 66
(1928). In AGO 074-192, I observed:
 Thus, it is clear that, if available and properly budgeted and appropriated, public funds may be expended in proper circumstances to defend public officials against damage suits arising out of the performance of their public duties. [Emphasis supplied.]
Later, in AGO 075-39, I reiterated that public funds could be expended to defend a public official in a damage suit arising from his official actions if funds were available and appropriated. Within that opinion, I noted:
 Section 20.11(3), F. S. [transferred and renumbered s. 16.015, F. S., by s. 2 of Ch. 77-105, Laws of Florida] provides that the Department of Legal Affairs shall provide all legal services for any state department unless otherwise provided by law, or a professional conflict exists.
Section 16.015, F. S. 1977, now provides:
 The Department of Legal Affairs shall be responsible for providing all legal services required by any department, unless otherwise provided by law. However, the Attorney General may authorize other counsel where emergency circumstances exist and shall authorize other counsel when professional conflict of interest is present.
Relevant to consideration of your question are several legislative enactments specifying situations in which the state may provide legal representation to officers and employees. Section 111.07, F. S., authorizes agencies of the state, under certain circumstances, to defend officers and employees in negligent tort actions arising out of and in the scope of their officers' or agents' employment. Likewise, s. 111.06, F. S., authorizes the state agencies to provide for and pay for the defense of wardens and deputy sheriffs in civil suits arising from the performance of their duties. Finally, s. 111.065, F. S. (1976 Supp.), authorizes the payment, by municipalities or state political subdivisions, of legal costs and attorney's fees incurred by law enforcement officers.
The question presented here concerns legal representation of private persons who have assisted the board in the conduct of an investigation of a licensed physician and does not relate to the board's authority to employ counsel for representation of a member or employee of the board in a legal proceeding arising from a board investigation. Accordingly, I conclude there is no specific authority authorizing the Board of Medical Examiners or the Department of Legal Affairs to provide legal services for private persons, notwithstanding the immunity clause existing in the disciplinary provisions of the Medical Practice Act. The private physicians to whom your question relates are neither officers nor employees of the Board of Medical Examiners and, hence, are not included under the provisions of s. 111.07, F. S. Neither are they within the specifically mentioned groups covered by ss. 111.06 or111.065, F. S.
As the foregoing discussion indicates, public funds may be used to defend a public official in a civil suit only if the funds are properly available and appropriated. Considering your question as relating to private persons, and lacking any specific statutory authority authorizing the expenditure of and appropriations of public funds for the defense of such persons, your question is answered in the negative.
Prepared by: Thomas M. Beason Assistant Attorney General