Randall P. Kirkland Clerk Circuit Court, Orlando
QUESTION:
Is the county or the state authorized or required to pay the hospital bill for emergency medical treatment of a juvenile who was admitted to the hospital while under the custody and control of persons at a state juvenile detention center?
SUMMARY:
The state is required to provide emergency medical care for juveniles detained in the lawful custody and control of persons at a state-operated detention facility, and it is necessarily implied that the state has the authority to pay for such care through legislative appropriations duly authorized and budgeted.
In your letter you described the following situation which you stated later by telephone was typical of a pattern in your county. A juvenile picked up by a local law enforcement officer for suspected violation of law was taken to the state juvenile detention center and delivered into the custody and control of persons there. The person in charge of the facility at that time determined that the child needed emergency medical treatment and the child was admitted to a hospital. After discharging the child, the hospital forwarded the bill for his treatment to the juvenile division of the circuit court which submitted the bill to the county for payment. As clerk of the circuit court and county court and as county auditor, you have asked whether the county or the state should pay this bill.
Chapter 39, F. S., concerns `proceedings Relating to Juveniles,' and s. 39.08, F. S., as amended, provides as follows:
 (5) A physician shall be immediately notified by the person taking the juvenile into custody or the person having custody
if there are indications of physical injury or illness, or the child shall be taken to the nearest available hospital for emergency care. A child may be provided mental health or retardation services, in emergency situations, pursuant to the procedures and criteria contained in s. 394.463(1) or chapter 393, whichever is applicable. After a hearing, the court may order the custodial parent or parents, guardian, or other custodian, if found able to do so, to reimburse the county or state for the expense involved in such emergency medical or surgical treatment or care. (Emphasis supplied.)
The four subsections preceding this one pertain to medical, psychiatric, and psychological examination and treatment of a juvenile following a court order and therefore do not apply to the situation you described. The plain meaning of subsection (5) is that the person taking or having custody of a juvenile is requiredto obtain emergency medical treatment for him from a physician or at a hospital, and that the county or the state will be entitled to seek reimbursement for the expense involved at a subsequent court hearing. Such language on its face neither authorizes nor requires the state or the county to pay for the emergency treatment but clearly implies that either the state or the county will have the authority from another source to pay for the medical expenses initially.
From the situation or pattern you described, the need for medical treatment apparently was not recognized by the person who initially took the juvenile into custody, and custody was transferred to another person authorized to provide the emergency treatment and seek reimbursement therefore pursuant to s. 39.08(5), F. S., as amended. Since it appears that the emergency treatment was authorized by a persons having custody of the juvenile at a state juvenile detention center, the authority forpayment of the treatment must be found in the state. Of course, it is well established that a state agency cannot be held financially responsible unless a statute so authorizes and the Legislature has appropriated and budgeted therefor. Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied, 237 So.2d 530 (Fla. 1976); AGO's 071-28, 075-120, and 077-8.
Under Ch. 959, F. S., the Department of Health and Rehabilitative Services (the department) has authority to provide a wide range of youth services, including the operation of state juvenile detention facilities. The department `shall be responsible for the planning, development, and coordination of a statewide, comprehensive youth services program for the prevention, control, and treatment of juvenile delinquency,' s. 959.011(1), F. S., and the department `shall develop and implement . . . programs in order to provide for the treatment of persons referred . . . to [it],' including detention care and intake, among others. Section 959.011(2), F. S. `The department shall be responsible for the implementation of law and policy relating to youth services and . . . for establishing standards, providing technical assistance,and exercising the requisite supervision, as it relates to youthservices programs, over all state-supported juvenile facilities.' Section 959.021(1), F. S. (Emphasis supplied.) Rulemaking authority `for the efficient government and maintenance of allfacilities and programs' is provided in s. 959.021(3), F. S. (Emphasis supplied.)
State-operated detention is expressly authorized in s. 959.022(1), F. S., and subsection (2) requires the department to implement by December 31, 1973, `a comprehensive plan for . . . the regional administration of all detention services in the state.' In those regions where the state has assumed operation of detention services according to the implementation plan, s. 959.022(4), F. S., provides that `counties . . . shall lose the statutoryauthority to provide such services, whether such authority is granted by chapter 39, chapter 416, or other applicable law. On said implementation date the statutory authority to provide operation of detention services in that region shall betransferred to and be vested in the department.' (Emphasis supplied.)
From all of the above, it seems clear that the state and not thecounty has sole authority for the care and treatment of a juvenile detained in the custody of persons at a state juvenile detention center. Furthermore, s. 959.24(2)(a), F. S., authorizes and directs the department `to adopt rules and regulations prescribing standards and requirements with reference to . . . [t]hefurnishing of medical attention' (Emphasis supplied.) at county and state detention facilities. By this authority the department adopted Rule 10H-2.41, F.A.C., which provides in pertinent part as follows:
 (1) A physician shall be immediately called if there are indications of serious injury, illness or other situations requiring medical attention. If a physician cannot be immediately contacted, the child shall be taken to the nearest available hospital for emergency care.
 (3) The Superintendent or person in charge shall obtain a satisfactory arrangement with the nearest available hospital for the admission and treatment of children on an emergency basis. (Emphasis supplied.)
These rules promulgated pursuant to the lawful statutory authority of the department are binding on the state as well as any county in the operation of juvenile detention facilities. Where the state has exercised its authority to operate detention facilities, and other rules required that emergency medical treatment be provided by such a facility, the state is obliged to comply with the rules. The state is required to provide what the rule requires. Implicit in the rule is the authority for the person in charge to do what the rule requires. From this it follows that the expense of providing such medical treatment is a necessary operating expenseof the facility, and at a state-operated facility the state will be liable therefor. The state has been not only authorized butrequired by law to provide emergency medical treatment to juveniles at detention facilities. Such power duly conferred includes the implied authority to employ appropriate means to make the express power effective. Cf. Molwin Inv. Co. v. Turner,167 So. 33 (Fla. 1936). This includes reasonable payments for such treatment from budget appropriations for the operating expenses of the facility. Cf. Molwin Inv. Co., supra.
Prepared by: Carol Z. Bellamy, Assistant Attorney General