The Honorable Louie L. Wainwright Secretary Department of Corrections 1311 Winewood Boulevared Tallahassee, Florida 32301
Dear Secretary Wainwright:
This is in response to your request for an opinion on substantially the following question:
 DOES THE DEPARTMENT OF CORRECTIONS HAVE AUTHORITY TO PURSUE OR REQUIRE COLLECTION FROM PAROLEES OR PROBATIONERS OF UNPAID SUPERVISION FEES WHICH REMAIN FROM PRIOR PERIODS OF SUPERVISION OTHERWISE SUCCESSFULLY COMPLETED BY THE OFFENDER?
Your inquiry notes that s 945.30, F.S., requires the Department of Corrections to collect cost fees for parole or probation supervision and remit them to the State Treasurer. However, during the course of supervision some parolees or probationers become delinquent in their payments. Your letter states that both sentencing courts and the Parole and Probation Commission are usually reluctant to issue a warrant solely for nonpayment of supervision fees even though nonpayment is a ground for revocation. As a result, many offenders finish their terms of parole or probation owing the state for unpaid supervision fees.
The Department of Corrections questions its own authority to pursue or require collection of such debts which have resulted from prior periods of supervision otherwise successfully completed by the offender. Thus, you ask, if the sentencing court or the Parole and Probation Commission fails or refuses to require payment during the term of parole or probation and allows supervision to terminate with such a debt unpaid, whether the Department of Corrections has authority to enforce collection of such debts during a subsequent parole or probationary term.
Section 945.30(1), F.S., provides, in pertinent part:
945.30 Payment for cost of supervision and rehabilitation. —
 (1) Any person under probation or parole supervision, except a person on probation or parole within or without the state under an interstate compact adopted pursuant to chapter 949, shall be required to contribute no less than $10 or more than $50 per month as decided by the sentencing court, to a court-approved public or private entity providing him with supervision and rehabilitation. Any failure to pay such contribution shall constitute grounds for the revocation of probation by the court or the revocation of parole by the Parole and Probation Commission. . . .
[Certain exceptions to this requirement are set forth in subsection (1)(a)-(f) of s 945.30. It is assumed that none of these extenuating circumstances apply to those cases which are the source of your inquiry.]
Nothing in s 945.30, Ch. 944, Ch. 945, Ch. 947, Ch. 948 or Ch.949, F.S., authorizes or requires the Department of Corrections to pursue collection of the unpaid supervision fees described in your letter, nor have you brought to my attention any other statute which would authorize such action. Moreover, my research has revealed no other statute, other than s 945.30(1), which provides a penalty or enforcement procedure relating to failure to pay the supervision and rehabilitation fees specified in s 945.30. ( Seealso, s 948.01[6] [which merely implements s 945.30].) Compare, s944.512 (which expressly provides for a state lien on proceeds from a literary account of crime committed by a convicted felon, and which directs, in subsection[3], the Department of Legal Affairs to perfect and enforce the lien).
AGO 076-78 similarly concluded, in regard to an earlier version of s 945.30 not unlike the current version, that the Parole and Probation Commission is neither required nor authorized to take legal action, or to expend state funds therefor, to recover money due the state by a parolee or probationer under s 945.30, when such parolee or probationer dies or when his or her parole or probation is revoked or terminated. Accord, AGO 071-28 (citing, inter alia, Florida Development Commission v. Dickinson,229 So.2d 6 (1 D.C.A. Fla., 1969), cert. den., 237 So.2d 530 (Fla. 1970), for the proposition that before a state agency or officer may perform any function for the state or expend any state funds therefor, such agency or officer must find some constitutional or statutory provision so authorizing such agency or officer to do so). Cf., AGO 075-253 (limiting the scope of s 945.30, F.S. [1974 Supp.] to Florida parolees and probationers and relying in part on the proposition that if there is doubt as to the statutory existence of a power, an administrative agency should not undertake to exercise it).
Thus, it appears that, pending legislative clarification of the Department of Correction's duties under s 945.30, your agency does not have authority to pursue or require collection from parolees or probationer of unpaid supervision fees which remain from prior periods of supervision otherwise successfully completed by the offender.
In summary, it is my opinion that the Department of Corrections does not have authority to pursue or require collection from parolees or probationers of unpaid supervision fees which remain from prior periods of supervision otherwise successfully completed by the offender.
Sincerely,
Jim Smith, Attorney General
Prepared by: Anne Curtis Terry, Assistant Attorney General