The Honorable Janet Reno State Attorney Metropolitan Dade County Justice Building 1351 N.W. 12th Street Miami, Florida 33125
Dear Ms. Reno:
This is in response to your request for an opinion on substantially the following questions:
 1) IS THE STATE ATTORNEY AUTHORIZED TO TRADE AIRCRAFT CONFISCATED PURSUANT TO THE FLORIDA CONTRABAND FORFEITURE ACT FOR AUTOMOBILES TO BE USED FOR LAW ENFORCEMENT PURPOSES?
 2) IF THE ANSWER TO QUESTION NUMBER 1 IS YES, MUST THE STATE ATTORNEY FIRST SEEK THE PERMISSION OF THE DIVISION OF SURPLUS PROPERTY UNDER THE PROVISIONS OF CH. 273, F.S., BEFORE TRADING SUCH PROPERTY?
Question One
The `Florida Contraband Forfeiture Act', ss 932.701-932.704, F.S. details the procedures to be used and authorizes the seizure and forfeiture of vessels, motor vehicles, aircraft and other personal property which has been used or is being used in violation of s932.702, F.S. The title to the act and the definition of a `contraband article' are set forth in s 932.701, F.S. Section932.702, F.S., provides inter alia, that it is unlawful to transport, carry or convey any contraband article in, upon, or by means of any vessel, motor vehicle or aircraft, to conceal or possess any contraband article in or upon any vessel, motor vehicle or aircraft, or to use any vessel, motor vehicle or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, exchange, or giving away of any contraband article. Section 932.703(1), F.S., provides, in part, that:
 Any vessel, motor vehicle, aircraft, and other personal property which has been or is being used in violation of any provision of s. 932.702 or in, upon, or by means of which, any violation of said section has taken or is taking place, as well as any contraband article involved in the violation, shall be seized.
Section 932.703(1), F.S., also provides that `[a]ll rights and interest in and title to contraband articles or contraband property used in violation of s. 932.702 shall immediately vest in the state upon seizure by a law enforcement agency, subject only to perfection of title, rights, and interests in accordance with [the Florida Contraband Forfeiture Act].' Owner and lienholder interests in the seized property are preserved under certain conditions by this section. See, s 932.703(2) and (3), F.S. The proceedings for forfeiture are set forth in s 932.704, F.S., which provides that the state attorney within whose jurisdiction the contraband article, vessel, motor vehicle, aircraft, or other personal property has been seized or an attorney employed by the seizing law enforcement agency shall proceed by a rule to show cause in the circuit court to have the seized property forfeited to the use of, or to be sold by, the law enforcement agency making the seizure. The state's right and interest in and title to such property is perfected by a final order of forfeiture by the court and relates back to the date of seizure of the property. Section 932.704(1), F.S. Section 932.704(3)(a), F.S., permits the head of the law enforcement agency, whenever he or she deems it necessary or expedient, to sell such property rather than to retain it for the use of the agency after title to the seized property has vested in the state pursuant to forfeiture proceedings. The head of the law enforcement agency is authorized by this section to dispose of the property at public auction to the highest bidder for cash and, in lieu of auctioning or selling the property, the head of the law enforcement agency `may salvage the property or transfer the property to any public or nonprofit organization, provided such property is not subject to a lien preserved by the court as provided in s. 932.703(3).' Section932.704(4), F.S., provides that the state shall issue a title certificate for such property to a law enforcement agency which elects to retain the property and requests a title certificate. Section 932.704(3)(a), F.S., provides that if the agency elects tosell the forfeited property rather than retain it or if the property is subject to a lien which has been preserved by the court, the proceeds of the sale are to be applied as follows: (1) to payment of the balance due on any lien which has been preserved by the court in the forfeiture proceedings; (2) to payment of the costs incurred by the seizing agency in connection with the storage, maintenance, security, and forfeiture of such property; (3) to payment of the costs incurred by the state attorney; (4) to payment of costs incurred by the court. If the seizing law enforcement agency is a state agency, all proceeds that remain after payment as directed by the statute, supra, are to be deposited into the State General Revenue Fund. If another law enforcement agency has acted as the seizing agency, any remaining proceeds are to be deposited in a special law enforcement trust fund. Section 932.704(3)(a), F.S.
No authorization for the state attorney to transfer or trade any confiscated or forfeited aircraft for automobiles is contained in ss 932.701-932.704, F.S. Parenthetically, the expenses of purchasing and the operation and maintenance of operating capital outlay items such as automobiles require legislative authorization and appropriation of funds therefor as provided by s 27.33 and Ch.216, F.S. See, AGO 071-28 and Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969), cert. denied,237 So.2d 530 (Fla. 1970); cf., AGO 081-100 concluding that a state attorney may expend properly budgeted funds to operate and maintain an aircraft forfeited by order of the court to the state attorney's office pursuant to s 932.704, F.S. 1981, to be utilized by that office in investigative law enforcement functions. Section932.704, F.S., provides specific procedures regarding the use
or sale or salvaging or transfer of any vessel, motor vehicle or aircraft or other personal property forfeited to the state pursuant to the Act when a state agency acts as the seizing agency and these govern such activity to the exclusion of any other procedures. When the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934). See generally, 2A Sutherland, Statutory Construction ss 57.14, 57.17 (1973); seealso, Thayer v. State, 335 So.2d 815 (Fla. 1976) stating that where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned.
Question Two
Because the answer to question one was not affirmative, no answer to question two is required.
In conclusion, I am of the opinion that the state attorney is not authorized to trade aircraft confiscated pursuant to the Florida Contraband Forfeiture Act for automobiles to be used for law enforcement purposes, but must comply with those procedures set forth in s 932.704, F.S., for the disposition of confiscated property which has been forfeited to the state.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General