Mr. Robert L. Parks Chair, Miami River Commission c/o Rosenstiel School Atrium A 4600 Rickenbacker Causeway Miami, Florida 33149
Dear Mr. Parks:
You have asked for an opinion on the following question:
Is the Miami River Commission authorized to expend public funds to retain a lobbyist to coordinate, advocate, and persuade government agencies, businesses, and the public regarding Miami River policy issues and projects?
In sum:
The Miami River Commission has no authority to retain a lobbyist. However, an employee of the Miami River Commission, such as the managing director, is not precluded from performing statutorily prescribed activities such as seeking funding and acting as an advocate for the commission as part of his or her other duties.
The Miami River Commission was created in Chapter 98-402, Laws of Florida, and its enabling legislation is codified in sections163.06 and 163.061, Florida Statutes.[1] The act provides that "[t]he Miami River Commission shall terminate July 1, 2003, unless the Legislature, in a review of the creation, operation, and accomplishments of the Miami River Commission during the 2003 Regular Session, determines that the commission should be continued and reenacts provisions providing for its continuation."[2]
The commission acts
"as the official coordinating clearinghouse for all public policy and projects related to the Miami River to unite all governmental agencies, businesses, and residents in the area to speak with one voice on river issues; to develop coordinated plans, priorities, programs, projects, and budgets that might substantially improve the river area; and to act as the principal advocate and watchdog to ensure that river projects are funded and implemented in a proper and timely manner."[3]
The commission is authorized to "seek and receive funding to further its coordinating functions regarding river improvement projects of the commission."[4]
The Miami River Commission consists of a policy committee, a managing director, and a working group.[5] Members of the policy committee include the Governor, the chair of the Dade delegation, the chair of the governing board of the South Florida Water Management District, the Miami-Dade County State Attorney, the Mayor of Miami, the Mayor of Miami-Dade County, a commissioner of the City of Miami Commission, a commissioner of the Miami-Dade County Commission and various other designated officials from the Miami-Dade area.[6] The working group of the Miami River Commission is made up of "all governmental agencies that have jurisdiction in the Miami River area, as well as representatives from business and civic associations."[7] The managing director is charged by statute with the responsibility of implementing the plans and programs of the commission.[8]
The policy committee has a number of specifically enumerated duties, including the power to:
"(a) Consolidate existing plans, programs, and proposals into a coordinated strategic plan for improvement of the Miami River and surrounding areas, addressing environmental, economic, social, recreational, and aesthetic issues. The committee shall monitor the progress on each element of such plan and shall revise the plan regularly.
(b) Prepare an integrated financial plan using the different jurisdictional agencies available for projected financial resources. The committee shall monitor the progress on each element of such plan and revise the plan regularly.
(c) Provide technical assistance and political support as needed to help implement each element of the strategic and financial plans.
(d) Accept any specifically defined coordinating authority or function delegated to the committee by any level of government through a memorandum of understanding or other legal instrument.
(e) Publicize a semiannual report describing accomplishments of the commission and each member agency, as well as the status of each pending task. The committee shall distribute the report to the city and county commissions and mayors, the Governor, chair of the Dade County delegation, stakeholders, and the local media.
(f) Seek grants from public and private sources and receive grant funds to provide for the enhancement of its coordinating functions and activities and administer contracts that achieve these goals.
(g) Coordinate a joint planning area agreement between the Department of Community Affairs, the city, and the county under the provisions of s. 163.3177(11)(a), (b), and (c).
(h) Provide a forum for exchange of information and facilitate the resolution of conflicts.
(i) Act as a clearinghouse for public information and conduct public education programs.[9]
* * *"
Numerous Attorney General opinions have adhered to the general principle that public funds may not be expended by a district or other statutory entity unless there is a statutory provision authorizing such expenditure.[10] More specifically, this office has stated that public funds may not be expended by public entities for lobbying purposes unless expressly authorized by state law.[11]
Nothing in the statutes creating the Miami River Commission and prescribing its duties and responsibilities offers specific and express statutory authority for the expenditure of commission funds for hiring a lobbyist. Moreover, any reasonable doubt as to the existence of a particular administrative power should be resolved against its exercise.[12]
This office considered a similar situation in Attorney General's Opinion 97-58 and concluded that the Health and Human Services Board in Dade County had no authority to hire an individual to represent the interests of the Department of Children and Families before administrative and legislative bodies. The conclusion was based on the nature of the boards as statutory entities with limited powers and on certain statutory limitations relating to lobbying by state agencies, among them section 11.062, Florida Statutes.
The opinion notes that section 11.062, Florida Statutes, prohibits the Department of Children and Families from retaining lobbying services from outside entities. Thus, the Health and Human Services Board in Dade County was precluded from requesting a private entity to hire an individual to represent the interests of the department. You have also cited section 11.062, Florida Statutes. It is unnecessary to make a determination of whether the Miami River Commission comes within the scope of section 11.062, Florida Statutes, or other statutes prohibiting the expenditure of public funds for lobbying, however, since the commission, as an administrative entity, has no independent authority to take such action. I would note, however, that the provisions of section11.062, Florida Statutes, apply to executive, judicial, or quasi-judicial departments of state government[13] and to state universities, community colleges and water management districts.[14] It is questionable whether the Miami River Commission would fall within the scope of this statute.[15]
Therefore, it is my opinion that the Miami River Commission has no authority to retain a lobbyist. This is not to suggest, however, that an employee, such as the managing director of the Miami River Commission, is precluded from performing statutorily prescribed activities such as seeking funding and acting as an advocate for the commission as part of his or her other duties.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 5, Ch. 98-402, Laws of Florida.
[2] Section 7, Ch. 98-402, Laws of Florida.
[3] Section 163.06(1)(a), Fla. Stat.
[4] Section 163.06(1)(b), Fla. Stat.
[5] See, s. 163.06(2), Fla. Stat.
[6] See, s. 163.06(2)(a), Fla. Stat.
[7] Section 163.06(2)(c), Fla. Stat.
[8] Section 163.06(2)(b), Fla. Stat.
[9] Section 163.06(3), Fla. Stat.
[10] See, e.g., Ops. Att'y Gen. Fla. 97-58 (1997); 85-04 (1985); and 77-08 (1977). See also, Florida Development Commission v.Dickinson, 229 So.2d 6 (Fla. 1st DCA 1969), cert. denied,237 So.2d 530 (Fla. 1970) (to perform any function for the state or to expend any money belonging to the state, the officer seeking to perform such function or to incur such obligation against the state must find and point to a constitutional or statutory provision authorizing him to do so).
[11] See, Ops. Att'y Gen. Fla. 77-08 (1977), and authorities cited therein, wherein this office stated that the conclusion that public funds may not be expended by a statutory entity for lobbying purposes unless expressly and specifically authorized by statute is consistent with the weight of authority throughout the country, and 85-04 (1985).
[12] See, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board ofDentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. denied,300 So.2d 900 (Fla. 1974); Op. Att'y Gen. Fla. 97-58 (1997).
[13] Section 11.062(1), Fla. Stat.
[14] Section 11.062(2), Fla. Stat.
[15] See, Op. Att'y Gen. Fla. 97-82 (1997), concluding that s.11.062(2), Fla. Stat., does not apply to school districts. Cf., Inf. Op. to Mr. Robert Parks, Chair, Miami River Commission, November 24, 1998, concluding that the Miami River Commission is subject to section 286.011, Florida Statutes, the Government in the Sunshine Law, but may or may not be an agency within the scope of Chapter 120, Florida Statutes, for purposes of complying with the notice requirements of that chapter.