416 So.2d 820 (1982)
STATE of Florida, DEPARTMENT OF CITRUS, Appellant,
v.
OFFICE OF the COMPTROLLER and the Department of Banking and Finance of the State of Florida, Appellee.
No. 81-1387.
District Court of Appeal of Florida, Second District.
May 12, 1982.
Rehearing Denied July 7, 1982.
*821 J. Hardin Peterson, Jr., of Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lakeland, for appellant.
Walter W. Wood, Asst. Gen. Counsel, Tallahassee, for appellee.
OTT, Judge.
In this appeal, we are asked to invalidate a revision to rule 3A-40.101, Florida Administrative Code, as it specifically applies to the Department of Citrus (DOC) and its Florida Citrus Advertising Trust Fund (citrus fund). This revision has previously been challenged unsuccessfully at the administrative level. We have jurisdiction pursuant to sections 120.56 and 120.68, Florida Statutes (1981), and Florida Rule of Appellate Procedure 9.030(b), (c).
Section 601.15(7), Florida Statutes (1981), creates the Florida Citrus Advertising Trust Fund and provides that all taxes levied and collected under the provisions of chapter 601 shall be deposited in this fund. These moneys are later reappropriated to the DOC for its exclusive use within statutory grants. From this fund, the DOC must determine, levy, and collect all taxes or assessments; pay salaries, regulate the sale, shipment, importation, and standards of citrus fruits and products; and advertise the Florida citrus industry nationwide and enforce all the provisions and regulations of the Florida Citrus Code. §§ 601.35, 601.52, 601.731, 601.90-601.9902, Fla. Stat. (1981).
The taxes which are collected for the citrus fund are deposited in the state's general revenue account, which is administered by the comptroller. The comptroller administers twenty different funds enumerated in section 215.22, Florida Statutes (1981). Eighteen of the twenty funds are subject to a 4% deduction which represents the estimated pro rata share of the cost of general government. However, the citrus fund (§ 215.22(7), Fla. Stat. (1981)) and the general inspection fund (§ 215.22(5), Fla. Stat. (1981)) received special treatment by the legislature and are only liable for a 2% deduction. The funds deposited in the state's general revenue account accrue interest for the state's general revenue, but not for the DOC's specific use. However, when the DOC so desires, it can advise the comptroller to transfer some of these funds to the State Board of Administration (SBA) for investment. Interest derived from these investments accrues for the benefit of DOC. The SBA deducts a fee for its investment services pursuant to section 215.535, Florida Statutes (1981).
Later, when the DOC needs the funds held for investment by the SBA, it advises the SBA to return the funds to the comptroller for appropriate disbursement. Under the new rule, 3A 40.101, which is the subject of this appeal, the 2% charge authorized by section 601.15(7)(a), Florida Statutes (1981), is specifically extended to the interest earned on such investment funds. The DOC argues that section 601.15(7)(a) exempts such investment funds together *822 with their earned interest from the application of this new rule. However, the comptroller and Department of Banking and Finance contend that this rule merely clarifies the statutory prohibition from imposing the deduction twice upon the original principal only.
Section 601.15(7)(a) provides:
Two per cent of all income of a revenue nature deposited in this fund, including transfers from any subsidiary accounts thereof, shall be deposited in the General Revenue Fund in lieu of the service charge provided for in § 215.20; provided, however, that if any moneys are withdrawn from the trust fund for investment, such 2 per cent shall not again be charged against said moneys when they are redeposited in the trust fund. (Emphasis added.)
Initially, we note that the attorney general has addressed the issue raised in this appeal. 1979 Op.Att'y Gen.Fla. 079-110 (Dec. 19, 1979). The attorney general's opinion did not consider the effect of section 601.15(7)(a), Florida Statutes (1981), but instead construed sections 215.20 and 215.22 to conclude that interest from investment accounts generally were not subject to the deduction. The hearing officer at the administrative appellate level below concluded that the attorney general's opinion was in error because it had misconstrued the term "income of a revenue nature." Whether this is or is not a correct assumption is of little moment because the attorney general did not consider the effect of section 601.15(7)(a) in his ruling. Accordingly, we will not invalidate the revised rule on this specific point. Nonetheless, we note that opinions of the attorney general are persuasive and entitled to great weight in construing Florida Statutes. See Beverly v. Division of Bev. of Dept. of Business Reg., 282 So.2d 657 (Fla. 1st DCA 1973), and Richey v. Indian River Shores, 337 So.2d 410 (Fla. 4th DCA 1976).
Next, we must consider what effect, if any, section 601.15(7)(a) has on the revised rule. An examination of the twenty funds enumerated in section 215.22 indicates that the citrus fund is the only fund which contains a provision that prohibits a deduction following investment when the funds are redeposited. We feel appellee's argument that this section merely prohibits a "double" charge on just the original principal is too simplistic. It appears obvious and should go without saying that the original deposit should not be "doubly" assessed. Thus, we conclude that the citrus fund was intended by the legislature to receive special treatment. This can be gleaned from the persuasive impact of the attorney general's opinion, the reduced percentage (2% instead of 4%), and the fact that it is the only fund with the limitation imposed by section 601.15(7)(a).
It is a fundamental rule of law that administrative agencies and state officers possess only such authority or power as may be conferred on them by law. Fiat Motors of North America, Inc. v. Calvin, 356 So.2d 908 (Fla. 1st DCA 1978); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (Fla. 1st DCA 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). For the above reasons, we hold that appellee has exceeded the authority granted it under section 215.25, Florida Statutes (1981), in its application of the new revised rule (3A-40.101, Florida Administrative Code) to the citrus trust fund. In so holding, we carve out a specific exception to this revised rule for the citrus trust fund and only for the citrus trust fund. All other enumerated trust funds are not affected by this holding. Accordingly, the finding of the hearing examiner below is quashed and the office of the comptroller is directed to remit all charges improperly assessed against the interest earned on invested funds from the Florida Citrus Advertising Trust Fund.
GRIMES, A.C.J., and RYDER, J., concur.