The Honorable David H. Bludworth State Attorney Room 430 Palm Beach County Courthouse West Palm Beach, Florida 33401
Dear Mr. Bludworth:
This is in response to your request for an opinion on substantially the following question:
 IS A STATE ATTORNEY AUTHORIZED TO PAY FROM APPROPRIATIONS OF HIS OFFICE THE DUES OF THE FLORIDA BAR FOR HIMSELF AND HIS ASSISTANT STATE ATTORNEYS?
Article VII, s 1, State Const., prohibits all expenditures except those made pursuant to appropriations made by law. See, AGO 71-28 (contingent-discretionary appropriation to the governor may not be spent except as specially authorized by the Legislature). See also, State v. Lee, 163 So. 859 (Fla. 1935); State v. Green,116 So. 66 (Fla. 1928); Lainhart v. Catts, 75 So. 47 (Fla. 1917). As stated in AGO 71-28: "Before an expenditure may be made by any executive officer of the government from state funds, there must be a specific appropriation authorizing the expenditure in question"; and "[t]o perform any function for the state or to expend any moneys belonging to the state, the officer seeking to perform such function or to incur such obligation against the moneys of the state must find and point to a constitutional or statutory provision so authorizing him to do." See also, Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A.Fla., 1969), cert.den., 237 So.2d 530 (Fla. 1970). And see, s 216.321, F.S., which provides:
 Nothing contained in any legislative budget or operating budget shall be construed to be an administrative or legislative construction affirming the existence then of the lawful authority to make an expenditure or disbursement for any purpose not otherwise authorized by laws of the particular agency or legislative branch and the general laws relating to the expenditure or disbursement of public funds.
Section 216.192(1), F.S., in pertinent part, provides that "[t]he Comptroller shall authorize all expenditures to be made from the appropriations on the basis of such releases and in accordance with the approved budget and not otherwise. Expenditures shall be authorized only in accordance with legislative authorizations." The powers of a state attorney, like other state officers, are only those that have been conferred by statute or the Constitution or necessarily implied from the powers granted; the state attorney has no inherent powers and can exercise only those powers conferred by statute or the Constitution. See, s 67 C.J.S. Officers s 190 (1978); State, Dept. of Citrus v. Office of Comptroller, 416 So.2d 820 (2 D.C.A.Fla., 1982); Florida Development Commission v. Dickinson, 229 So.2d 6 (1 D.C.A.Fla., 1969), cert.den., 237 So.2d 530 (Fla. 1970); AGO 71-28; accord, Stone v. State, 71 So. 634 (Fla. 1916); AGO's 72-97, 74-534. Thus, public funds may properly be spent only for a public purpose or function which the officer is expressly authorized by law to carry out or which must be necessarily implied to carry out the purpose or function expressly authorized. See, Davis v. Keen, 192 So. 200
(Fla. 1939); State v. Town of North Miami, 59 So.2d 779 (Fla. 1952).
I discern no express or necessarily implied statutory grant of authority or duty imposed that would permit or require you to pay the Florida Bar dues of your assistants. The fact that you have determined that "it is necessary and essential for each of my assistants in order to carry on the statutory duties imposed upon us by Chapter 27 of the Florida Statutes to be members of the Florida Bar" is not relevant to a determination that a statutory power is conferred or duty imposed. I have examined the provisions of Ch. 27, F.S., and am unable to find any express or implied authority for your proposed expenditure. Payment of professional dues for assistant state attorneys must either be an operational expense of the office or an individual fringe benefit in the nature of additional compensation. In order to be an operational expense of the office it must be authorized or required by statute. Additional compensation or fringe benefits must be authorized by statute. See, s 27.271, F.S., for example, authorizing per diem and mileage for state attorneys and assistant state attorneys.
Further, this office has concluded that s 216.345, F.S., relating to the payment of certain professional membership dues from public funds, does not authorize the payment of Florida Bar dues for the public defender, an elected constitutional officer (Art. V, s 18, State Const.), and his full-time assistants from that agency's appropriation. See, AGO 77-115.
It is therefore, my opinion, until judicially or legislatively determined otherwise, that a state attorney is not authorized by law to pay from appropriations of his office the Florida Bar dues for the state attorney and his assistant state attorneys.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General