445 So.2d 639 (1984)
DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellant,
v.
Lucy ALBANESE, et al., Appellees.
No. AR-108.
District Court of Appeal of Florida, First District.
February 13, 1984.
*640 Augustus D. Aikens, Jr., Dept. of Admin., Tallahassee, for appellant.
M. Terry McNab, Tallahassee, for appellees.
ZEHMER, Judge.
The Department of Administration (Department), Division of Retirement (Division), appeals a final order determining that the Department's rule 22B-2.02(4)(c)3 constitutes an arbitrary and invalid exercise of delegated legislative authority. We affirm.
Appellees are thirty-three school food service workers employed by the state in "regularly established positions."[1] As such, they are compulsory members of the Florida Retirement System, established by chapter 121, Florida Statutes.[2] Rule 22B-2.02(4)(c)3, Florida Administrative Code, provides:
Service performed on and after July 1, 1979: A month of service credit shall be awarded for each month for which the member is paid a salary payment of at least $250. If a member is paid less than $250 during a month of employment, his service credit for that month shall be a fraction of a month of credit, such fraction to be determined by dividing his actual salary payment by $250. If a member earns $250 in a month, but is paid less than that amount because he participates in a deferred salary plan, he shall be entitled to receive a full month of service credit for each such month, provided the Division is notified and verification of deferred salary payments is submitted.
Appellees filed a petition pursuant to section 120.56, Florida Statutes, challenging the validity of the rule. Appellees contend that the rule constitutes an invalid exercise of delegated legislative authority because it arbitrarily creates a class of part-time members in the Florida Retirement System, which is not authorized by the statute, and *641 thereby excludes such workers from receiving full monthly service credit to which they are entitled under the statute for those months during which they earn less than $250.
The Department contends that the purpose of the rule is to eliminate the possibility of abuse of the retirement system by covered employees receiving only nominal pay and to provide an efficient accounting and payroll system through which the Division can ascertain who is employed, by what agency he or she is employed, the amount of contribution due from such employee, and the employing agency. Accordingly, the Department argues, the rule is not arbitrary because the $250 minimum accomplishes these purposes by rewarding regularly employed career public service employees and preventing part-time employees who receive nominal pay from receiving a full month's retirement service credit for less than a full month's work. The Department does not explain how the $250 figure was arrived at for the avowed purpose of the rule, nor has it shown any actuarial or other basis for using that amount.
The hearing officer found that the appellees have a clear and substantial interest in the validity of the rule because it adversely affects their ability to earn monthly service credits for retirement and the ultimate amount of their retirement benefits; that the rule operates to reduce appellees' creditable service solely because their salaries are low, despite the fact that the Florida Retirement System act does not authorize differentiation of calculated creditable service based on salary level; that the rule operates to reduce benefits for persons who already will receive the lowest level of retirement benefits because of their low salaries; and that the rule, for these reasons, is not reasonably related to the intended purpose asserted by the Department but, rather, is arbitrary and invalid.
We have no quarrel with the Department's laudatory purpose to avoid abuse of the retirement system by persons in positions of limited employment at nominal wages. But we agree with the hearing officer and appellees that in using a minimum salary amount, the Department has chosen an arbitrary and invalid means of accomplishing its objectives.
The Department, through the Division, is authorized by section 121.031, Florida Statutes, to "make such rules as are necessary for the effective and efficient administration of this system." The Department, however, possesses only such authority as is specifically delegated to it by statute and cannot promulgate rules that go beyond that grant of authority or are contrary to the intent of the legislature. See, Department of Citrus v. Office of the Controller, 416 So.2d 820 (Fla. 2d DCA 1982). One challenging the validity of an agency rule must show that (1) the agency adopting the rule has exceeded its authority; (2) that the requirements of the rule are not appropriate to the ends specified in the legislative act; and (3) the requirements contained in the rule are not reasonably related to the purpose of the enabling legislation but are arbitrary or capricious. Agrico Chemical Co. v. State, 365 So.2d 759 (Fla. 1st DCA 1978).
Originally, rule 22B-2.02(4)(c)1 provided that member employees would receive full monthly service credit for each month the member received payment for employment, and it specified no minimum amount of salary. Effective July 1, 1974, the Division adopted rule 22B-2.02(4)(c)2, which established a $100 minimum monthly salary as a prerequisite for full monthly retirement service credit. This minimum amount apparently did not affect any members of the system. Effective July 1, 1979, the minimum amount was increased to $250 by adoption of rule 22B-2.02(4)(c)3. This time the increase adversely affected some 3,000 of the approximately 14,000 Florida school food service workers. Under the new rule, the affected workers receive only a fraction of a month's retirement credit even though they fulfill all the requirements of their employment in "regularly established positions," solely because they are paid less than $250 per month.
*642 We cite these changes to rule 22B-2.02(4)(c) only to place this case in historical perspective. We recognize that an administrative agency is not necessarily bound by its initial construction of a statute evidenced by the adoption of a rule and that an agency may validly adopt subsequent rule changes that give effect to a differing construction of the organic statute so long as this subsequent construction is consistent with a reasonably permissible construction of that statute. Such flexibility is necessary to permit changes in agency policy permissible under a view of the statute broadly conceived in light of subsequent experience. Accordingly, our affirmance in this case is not dependent upon any supposed legal principle that would forever bind an agency to its initial construction by adoption of a rule.
Our analysis of chapter 121 has convinced us that eligible employees qualifying as compulsory members of the system are entitled to a full month's service credit for each month during which they are employed in a regularly established position without a break in continuous service, regardless of the amount of money they earn each month.
Section 121.021(11), Florida Statutes (1981), defines an eligible "employee" as "any person receiving salary payments for work performed in a regularly established position." Section 216.011(1)(o) provides that state employees fill one of two positions, a "regularly established position" or an "other personal services" position; that "other personal services" means "services rendered by a person who is not a regular or full-time employee filling an established position"; that those filling an established position shall be paid from salaries appropriations; and that "those persons paid from salaries appropriations shall be state officers or employees and shall be eligible for membership in a state retirement system and those paid from other-personal-services appropriations shall not be eligible for such membership." Accordingly, the Department has provided in rule 22B-6.01(40) that "regularly established position" means a position authorized and established pursuant to law and compensated from salary appropriations pursuant to section 216.011(1)(o), Florida Statutes (1981). That rule also recognizes a regularly established position in terms of time worked by providing "it is also an employment position which will be in existence for a period of four or more consecutive months."
Section 121.021(17), Florida Statutes (1981), defines an eligible employee's "creditable service" as "the sum of his past service, prior service, military service, workmen's compensation credit, and future service allowed within the provisions of this chapter." "Past service" is defined in section 121.021(18) as "the number of years and complete months and any fractional part of a month during which [the member] was in active employ of an employer prior to his date of participation" (emphasis added). The word "service" in "prior service" means "employment service which, at the time it is claimed as prior service, satisfies the requirements for a regularly established position, as defined by rules of the Florida Retirement System." § 121.021(19)(b). "Future service" is "service subsequent to date of the member's participation and may include authorized leaves of absence." § 121.021(21). "Continuous service," defined in section 121.021(38), means "creditable service as a member, beginning with the first day of employment ... and continuing for as long as the member remains in an employer-employee relationship... . An absence of one calendar month or more from an employer's payroll shall be considered a break in continuous service." Thus, an employee's failure to work a full month does not cause a loss of coverage so long as he is not absent from work for more than a month.
Chapter 121 does not define "employee," "member," "creditable service," or "regularly established position" in terms of part-time employment at reduced wages, but only in terms of regular employment in covered positions for more than a minimum period without a break in continuous service. Recognizing this, the Department's *643 rule 22B-2.02(4), which delineates policy, and rule 22B-6.01(5), which defines "creditable service," both discuss the service of teachers and school employees in terms of contract or school-term year of employment of less than twelve months duration, rather than in terms of the amount earned by an employee during a particular monthly or yearly period. Rule 22B-6.01(3), echoing section 121.021(38), defines a break in "continuous services" for purposes of the Florida Retirement System as meaning that "[a]n absence of one calendar month or more from the employer's payroll shall be considered a break in continuous service for members of the Florida Retirement System."
The Department's selection of a $250 amount has not been shown to bear any rational relationship, actuarial or otherwise, to any statutory provisions or intent concerning membership and participation in the retirement system. Because the Florida Retirement System Act requires compulsory membership and provides for creditable service on the basis of the specific position filed and the time period worked, rather than on the basis of the monetary amount earned in a particular pay period, the use of a $250 minimum amount is arbitrary and beyond the range of permissible interpretations of the statute.
In summary, we hold that the Department has exceeded its authority in adopting the $250 minimum monthly salary requirements in rule 22B-2.02(4)(c)3; the requirements of that rule are not appropriate to accomplish the ends specified in the Florida Retirement System act; and the minimum pay amounts incorporated by the rule are arbitrary and not reasonably related to the purpose of the act. See, Agrico Chemical Co. v. State, supra.
AFFIRMED.
SHIVERS and MILLS, JJ., concur.
NOTES
[1] § 121.021(11), Fla. Stat. (1981).
[2] § 121.021(12), Fla. Stat. (1981); § 121.051, Fla. Stat. (1981).