Mr. Howard M. Rasmussen Director Division of Alcoholic Beverages and Tobacco Department of Business Regulation The Johns Building 725 South Bronough Street Tallahassee, Florida 32301
Dear Mr. Rasmussen:
This is in response to your request for an opinion on substantially the following question:
 MAY THE DIVISION, PURSUANT TO s 210.11, F.S., PROVIDE FOR THE REFUND OF CIGARETTE TAXES TO A DEALER, WHO HAS OTHERWISE FULLY ESTABLISHED ITS RIGHT TO SUCH REFUND FOR TAXES PAID ON CIGARETTES WHICH HAVE BECOME DAMAGED OR OTHERWISE UNFIT FOR USE AND CONSUMPTION, THROUGH THE GRANTING OF A CREDIT TO SUCH DEALER ON ITS NEXT TAX RETURN?
According to the provisions of Ch. 210, F.S., the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation is vested with the responsibility of administrating, collecting and enforcing the cigarette tax imposed therein. Your inquiry states that a question has arisen concerning the interpretation of s 210.11, F.S., relative to the grant of refunds for cigarettes upon which the tax stamp indicia have been placed, but which have become unfit for use or consumption. In essence, the division, for reasons of economy in the handling and processing of refund requests, would prefer to authorize the granting of a credit on the next appropriate cigarette tax return filed by the dealer where the preconditions to a refund have been met.
In order to properly respond to your inquiry it is necessary to analyze the statutory language on point to determine whether your division has the requisite statutory authority to grant a credit on a dealer's next tax return in lieu of a refund of the tax paid. An administrative agency is purely a creature of the Legislature and, as such, possesses only those powers given to it by the Legislature. See, State, Etc. v. Office of Comptroller,416 So.2d 820 (2 D.C.A. Fla., 1982); Gulfstream Park v. State Dept. of Bus. Reg., 443 So.2d 113 (3 D.C.A. Fla., 1983); Florida Bridge Co. v. Bevis, 363 So.2d 799 (Fla. 1978). See also generally, 3 Sutherland, Statutory Construction s 65.02.
Section 210.11, F.S., specifically states, in pertinent part, as follows:
 Whenever any cigarettes upon which stamps have been placed, or upon which the tax has been paid by metering machine, . . . have become unfit for use and consumption or unsalable, or have been destroyed, the dealer involved shall be entitled to a refund of the actual amount of the tax paid with respect to such cigarettes less any discount allowed by the division in the sale of the stamps or payment of the tax by metering machine, upon receipt of satisfactory evidence of the dealer's right to receive such refund, provided application for refund is made within 3 months of the date the cigarettes . . . became unfit or were destroyed. . . . The division may prescribe necessary rules and regulations concerning refunds, sales of stamps, and redemptions under the provisions of this chapter. Appropriation is hereby made out of revenues collected under this chapter for payment of such allowances. (e.s.)
In addition, the department's duly adopted administrative rule on the subject of refunds, Rule 7A-10.08, F.A.C., makes no reference to the grant of a credit on the next appropriate cigarette tax return filed by a dealer in lieu of a refund.
It is a general principle of statutory construction that when the controlling law contains a legislative direction as to how a thing shall be done it is, in effect, a prohibition against it being done in any other manner. See, Alsop v. Pierce, 19 So.2d 799
(Fla. 1944); White v. Crandon, 156 So. 303 (Fla. 1934). See also, In Re Advisory Opinion of the Governor Civil Rights, 306 So.2d 520
(Fla. 1975); Weinberger v. Board of Public Instruction,112 So. 253 (Fla. 1927).
In the instant situation, the Legislature has specifically directed that the dealer `shall be entitled to a refund.' There is no mention of an alternative method or provision for the grant of a credit to the dealer on its next appropriate cigarette tax return. Compare, s 214.13, F.S., authorizing the Department of Revenue to credit or refund any overpayment of taxes expressly made subject to the provisions of Ch. 214, F.S.; ss 212.17(2) 
(3), F.S., authorizing a dealer to take a credit or obtain a refund of the tax paid pursuant to Ch. 212, F.S., on repossessed tangible personal property and worthless accounts. And see, 84 C.J.S. Taxation s 631 (refund of taxes is ordinarily a matter of governmental or legislative grace and since the right to a refund of taxes is purely of statutory origin, the statutory remedy is exclusive); s 632 (power to refund taxes granted by statute must be strictly followed). Moreover, Florida statutes such as ss212.17 and 214.13 specifically refer to credit as well as refund indicating an intent to treat the two as separate and distinct methods for recoupment of taxes paid where no tax is due. Accordingly, I am compelled to conclude that the division lacks the requisite statutory authority to provide for a credit to a dealer on its next tax return for cigarette taxes paid on cigarettes which have become damaged or otherwise unfit for use or consumption. Your question is answered in the negative.
In summary, until legislatively or judicially determined to the contrary, it is my opinion that the Division of Alcoholic Beverages and Tobacco of the Department of Business Regulation is not authorized by s 210.11, F.S., to grant, in lieu of a refund, a credit to a dealer on its next appropriate tax return of cigarette taxes paid on cigarettes which have become damaged or otherwise unfit for use or consumption.
Sincerely,
Jim Smith Attorney General
Prepared by:
Linda Lettera Assistant Attorney General