503 So.2d 935 (1987)
STATE, MARINE FISHERIES COMMISSION and Florida Conservation Association, Appellants,
v.
ORGANIZED FISHERMEN OF FLORIDA; Southeastern Fisheries Assoc. Inc.; Lee County Fishermen's Cooperative, Inc.; James Fish Company; A.P. Bell Fish Co., Inc.; Steinhatchee Fish Co.; Goodrich Seafood; Dukes Seafood Market; Harold Futch; Kim Gertz and Bay City Lodge, Inc., Appellees.
No. BQ-41.
District Court of Appeal of Florida, First District.
February 19, 1987.
Rehearing Denied April 1, 1987.
*936 David Guest and Beverly McLear, Asst. Attys. Gen., Tallahassee, for appellant Marine Fisheries Com'n.
Philip S. Parsons, of Landers, Parsons and Uhlfelder, Tallahassee, for appellant Florida Conservation Ass'n.
Kenneth G. Oertel of Oertel & Hoffman, P.A., Tallahassee, for appellees.
THOMPSON, Judge.
The Marine Fisheries Commission (Commission) and the Florida Conservation Association appeal a final order of the Division of Administrative Hearings determining that the Commission's proposed rules regulating the harvesting of red drum (commonly known as redfish) in state waters are an invalid exercise of delegated legislative authority. We reverse.
Pursuant to § 370.027, Fla. Stat. (1985) the Commission initiated rulemaking procedures to regulate fishing for redfish in Florida saltwaters. The Commission adopted proposed amendments to Fla. Admin. Code Rules 46-22.001 through 46-22.003 and proposed new Fla. Admin. Code Rules 46-22.004 through 46-22.007 which, inter alia, impose a five fish bag and possession limit, a prohibition on sale, a two month closed season and certain gear restrictions.[1] Before the proposed rules were given the final *937 approval of the Governor and Cabinet as required by § 370.027, *938 Fla. Stat. the appellees filed a petition pursuant to § 120.54(4), Fla. Stat. challenging the validity of the proposed rules. Following a lengthy formal administrative hearing conducted pursuant to § 120.57, Fla. Stat., the hearing officer issued a final order finding that the bag limit and prohibition on sale contained in proposed rules 46-22.004 and 46-22.005(2) were invalid. The remainder of the rules were found to be valid. The hearing officer concluded that the provisions of proposed rules 46-22.004 and 46-22.005(2) were not "fair and equitable" as required by § 370.025(2)(g), Fla. Stat. because they had a disproportionate adverse impact on commercial fishermen who were not primarily responsible for the alarmingly massive diminution of the redfish population caused by recent overfishing. The hearing officer concluded that the Commission had exceeded its authority in conferring gamefish status on redfish because "such decisions are essentially political ones and, under Florida's regulatory scheme, the legislature has reserved such decisions for itself." Although the Commission's authority to confer gamefish status is specifically enumerated by § 370.027(2)(e), Fla. Stat., the hearing officer concluded that the exercise of such authority under the circumstances of the present case was violative of the statutory requirement that "[c]onservation and management decisions shall be fair and equitable to all the people of this state and carried out in such a manner that no individual, corporation, or entity acquires an excessive share of such privileges." § 370.025(2)(g), Fla. Stat. We cannot agree.
The Commission established an unchallenged goal of a 50-fold increase in the percentage of juvenile redfish surviving to spawning age. At present 99.8 percent of all juvenile redfish are captured before they reach spawning age, leaving only .2 percent of the young redfish to survive to reproductive adulthood. The Commission considered numerous regulatory options which might be employed to reach its conservation goal of a 50-fold increase. Among the various combinations of alternatives considered were regulatory options enumerated in § 370.027(2), Fla. Stat., including gear restrictions, bag and possession limits, designating species that are protected or may not be sold, and closed seasons. After comparing the projected effectiveness of all the alternatives, it was predicted that only a few of the regulatory options were likely to achieve the conservation goal. One of these options was duly adopted by the Commission as Fla. Admin. Code Rules 46-22.001 through 46-22.007.
To successfully challenge a rule promulgated by an agency in the exercise of its delegated legislative authority the challenger must make three showings: (1) that the agency adopting the rule has exceeded its authority, (2) that the requirements of the rule are inappropriate to the ends specified in the legislative act, and (3) that the requirements contained in the rule are not reasonably related to the purpose of the enabling legislation but are arbitrary and capricious. Department of Professional Regulation v. Florida Society of Professional Land Surveyors, 475 So.2d 939 (Fla. 1st DCA 1985).
In the instant case the specific rulemaking authority delegated by the legislature to the Commission is found at § 370.027 Fla. Stat. Among the enumerated powers vested in the Commission is the authority to establish bag limits and to designate species that may not be sold. § 370.027(2)(c) and (e), Fla. Stat. The exercise of such rulemaking authority is governed by the declaration of policy and standards set forth in § 370.025, Fla. Stat. The specific rulemaking authority delegated to the Commission clearly encompasses the imposition of a bag limit and the prohibition on commercial sale which were found to be invalid in the instant case. The hearing officer's conclusion that such restrictions are not fair and equitable because of their "overwhelmingly adverse" effect on commercial fishermen overlooks the fact that these specifically delegated powers inherently encompass results which would have varying impacts on different groups. The ability to designate species that may not be sold intrinsically has a greater impact on those persons who will have to forego sales: *939 commercial fishermen. Similarly, gear restrictions would impact differently on recreational and commercial fishermen depending on whether the gear in question are hooks and lines or nets. An uneven impact on differing groups is not a sufficient basis for invalidating the Commission's exercise of specifically delegated authority particularly when, as here, the restrictions are equally applicable to all the people of the state. The Commission's actions in adopting the proposed rules do not constitute actions which exceed the grant of authority specifically delegated by the statute. Department of Administration v. Albanese, 445 So.2d 639 (Fla. 1st DCA 1984).
We find therefore that proposed rules 46-22.004 and 46-22.005(2) are valid exercises of delegated legislative authority. Accordingly, the order invalidating the proposed rules is REVERSED.
BOOTH, C.J., and MILLS, J., concur.
NOTES
[1] The Proposed Rule Amendments and Proposed Rules provide:

46-22.001 Purpose, Intent and Repeal of Other Laws. The purpose and intent of this chapter are to protect, manage, conserve and replenish Florida's depleted red drum (redfish) resource, species Sciaenops ocellata, which has suffered extreme declines in abundance in recent years and which is now overfished throughout the state. This chapter will implement measures designed to reduce fishing pressure on this species; including initially impose minimum and maximum size limits, bag limits, closed season, and prohibition of sale, for harvestable redfish harvested from state waters, to provide interim protection for the resource while a comprehensive management scheme is being formulated for later promulgation in this chapter. Accordingly, it is the intent of this chapter to repeal and replace those portions of section 370.11(2)(a)4., Florida Statutes dealing with redfish. This chapter is not intended, and shall not be construed, to repeal any other portion of section 370.11(2)(a)4., Florida Statutes; any other subdivision of section 370.11, Florida Statutes; or any other general or local law directly or indirectly relating to or providing protection for the redfish resource.
.....
46-22.002 Definitions.
(1) "Harvest" means the catching or taking of a fish by any means whatsoever, followed by a reduction of such fish to possession. "Harvest" also includes the intentional killing of a fish, whether or not it is subsequently reduced to possession. Fish that are caught but immediately returned to the water free, alive and unharmed are not harvested. In addition, temporary possession of a fish for the purpose of measuring it to determine compliance with the minimum or maximum size requirements of this chapter shall not constitute harvesting such fish, provided that it is measured immediately after taking, and immediately returned to the water free, alive and unharmed if undersize or oversize.
(2) "Land," when used in connection with the harvest of a fish, means the physical act of bringing the harested fish ashore.
(3) (2) "Person" means any natural person, firm, entity or corporation.
(4) (3) "Red drum" or "redfish" means any fish of the species Sciaenops ocellata, or any part thereof. "Native redfish" means any redfish harvested from the territorial waters of the State of Florida.
(5) (4) "Total length" means the length of a fish as measured from the tip of the snout to the tip of the tail.
(6) "Vessel" means and includes every description of water craft used or capable of being used as a means of transportation on water, including nondisplacement craft and any aircraft designed to maneuver on water.
.....
46-22.003 Size Limits.
(1) No person shall harvest in or from the following designated waters of the State of Florida at any time, or unnecessarily destroy, any redfish of total length less than 18 inches. that set forth as follows:
(a) In the Northwest region as hereinafter defined, redfish of total length less than 16 inches.
(b) In the remainder of the state, redfish of total length less than 18 inches.
(c) For purposes of this subsection, the term "Northwest region" shall mean and include all state waters along the Gulf of Mexico north and west of a straight line drawn from Bowlegs Point in Dixie County, southwesterly through marker 16, and continuing to the outer limit of state waters.
(2) No person shall harvest in or from the waters of the State of Florida at any time, or unnecessarily destroy, any redfish of total length greater than 32 inches, except that one
(1) redfish larger than this maximum size limit may be harvested per person, per day. No person shall possess at any time more than one redfish larger than 32 inches in total length, harvested from state waters.
(2)(a) No person shall harvest in or from the waters of the State of Florida at any time, or unnecessarily destroy, more than one (1) redfish per day of total length greater than 32 inches.
(b) No person shall possess more than one (1) redfish of total length greater than 32 inches, harvested from waters of the State of Florida.
(3) It is unlawful for any person to possess, transport, buy, sell, exchange or attempt to buy, sell or exchange any redfish harvested in violation of this chapter.
.....
46-22.004 Prohibition on Sale and Commercial Harvest of Native Redfish.
(1) It is unlawful for any person to:
(a) Buy, sell, exchange or attempt to buy, sell or exchange any native redfish.
(b) Harvest, possess or transport, for purposes of sale or with intent to sell, any native redfish.
(2) The prohibitions contained in subsection (1) of this section do not apply to non-native redfish that have entered the State of Florida in interstate commerce. However, the burden shall be upon the person possessing such redfish for sale or exchange to show, by appropriate receipt(s), bill(s) of sale, or bill(s) of lading, that such redfish originated from a point outside the waters of the State of Florida and entered the state in interstate commerce.
(3) It is unlawful for any wholesale or retail seafood dealer or restaurant to possess, buy, sell, or store any native redfish, or permit any native redfish to be possessed, bought, sold or stored on, in, or about the premises or vehicles where such wholesale or retail seafood business or restaurant is carried on or conducted; provided, however, that native redfish which have been lawfully harvested may be kept on the premises of a restaurant for the limited purpose of preparing such redfish for consumption by the person who harvested them, so long as such redfish are packaged or on strings with tags bearing the name and address of the owner clearly written thereon.
(4) When any person buys, sells, possesses or transports non-native redfish under circumstances requiring documentation under this section, failure to maintain such documentation, or to promptly produce same at the request of any duly authorized law enforcement or conservation officer, shall constitute a separate offense under this chapter and shall also constitute prima facie evidence that such redfish were harvested from Florida waters and are being transported and/or possessed for purposes of sale.
.....
46-22.005 Season, Bag and Possession Limits.
(1) During the months of March and April, the harvest of redfish in or from state waters or possession of native redfish is prohibited. Possession of redfish by any person aboard a vessel fishing in state waters during such months constitutes prima facie evidence that such redfish were harvested out-of-season in state waters.
(2)(a) Except as provided in subsection (1), all persons are subject to a bag limit of five (5) native redfish per person, per day, and a possession limit of five (5) native redfish per person.
(b) Only one (1) native redfish larger than 32 inches total length may be harvested per person, per day, and no more than one (1) such redfish may be possessed by any person at any time.
(c) Possession of redfish in excess of the applicable bag or possessions limit by any person aboard a vessel fishing in state waters constitutes prima facie evidence that such redfish were harvested from state waters.
(3) Nothing in this section shall be construed to permit the harvest of native redfish from any area during any time, or the use of any gear where same is otherwise prohibited by law.
.....
46-22.006 Other Prohibitions.
(1) The harvest of any redfish in or from state waters by or with the use of any treble hook in conjunction with live or dead natural bait is prohibited. Gigging, spearing or snagging (snatch hooking) of redfish in or from state waters is prohibited.
(2) It is unlawful for any person to possess, transport, buy, sell, exchange or attempt to buy, sell or exchange any redfish harvested in violation of this chapter.
(3) When any provision of this chapter is violated by a person aboard a vessel, the operator of that vessel, if different from such person, shall be deemed to have assisted and participated in the violation, and such assistance and participation shall constitute a separate offense under this chapter.
(4) All redfish harvested from Florida waters shall be landed in a whole condition. The possession, while on state waters, of redfish that have been deheaded, sliced, divided, filleted, ground, skinned, scaled or deboned is prohibited. Mere eviscerataion or "gutting" of redfish, or mere removal of gills from redfish, before landing is not prohibited. Preparation of redfish for immediate consumption on board the vessel from which the fish were caught is not prohibited.
.....
46-22.007 Severability.
If any provision of this rule chapter, or its application to any person or circumstances is held invalid; the invalidity shall not affect other provisions or applications of the chapter which can be given effect without the invalid provision or application, and to this end the provisions of this rule chapter are declared severable.
In the amended rules the added language underscored, deleted language struck through.